UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FENDI S.R.L., | ) | |
| | ) | |
| Plaintiff. | ) | Case No. 25-cv-14553 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fendi S.R.L. ("Fendi") brings claims of trademark and copyright infringement against eleven Defendants whom it alleges sell fake Fendi products. However, Fendi's complaint poses at least two issues, which the Court raises *sua sponte*. First, the Court finds that Fendi has not established personal jurisdiction, because Fendi has not sufficiently shown that Defendants purposefully availed themselves of the privilege of conducting business in Illinois. Second, the Court finds that joinder of these Defendants is improper, because Fendi has not established that its claims all arise from a single transaction or occurrence or series of transactions or occurrences. The Court therefore dismisses Fendi's Complaint [1] without prejudice.

**BACKGROUND**

Fendi is an Italian fashion company specializing in luxury goods that holds trademarks associated with its products. It claims that Defendants sell counterfeit Fendi products through the online services Facebook and WhatsApp. Fendi alleges that the Defendants are working in concert and it brings trademark infringement claims against them.

**DISCUSSION**

**I. Jurisdiction**

This action is brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, 28 U.S.C. §§ 1331, 1338(a)–(b), which grants this Court subject-matter jurisdiction over the case. However, Fendi has not yet established that the Court has personal jurisdiction over the Defendants. Here, personal jurisdiction under Illinois's long-arm statute and federal due process exists if the Defendants have minimum contacts with the State of Illinois "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). Because Fendi has not made any allegation that the Defendants are "essentially at home" in Illinois, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011), which would establish general personal jurisdiction, the Court will only examine whether Fendi has shown that specific personal jurisdiction exists.

A court has specific personal jurisdiction over a defendant "when the defendant 'take[s] "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State."'" *Manchester United Football Club Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 24 CV 5692, 2024 WL 5202272, at *3 (N.D. Ill. Dec. 23, 2024) (Chang, J.) (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). For cases such as this—Schedule A cases involving foreign defendants selling goods online—courts in this district have found that "Creating a website, providing that Illinois residents could purchase products through the website, selling products through third-party websites, sending written confirmation of the sales and including Illinois shipping addresses, and shipping the product to Illinois residents are circumstances sufficient to find a business purposely avails itself of the privilege of conducting business in Illinois." *Id.* (citing *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022)).

Here, the issue is that Fendi has not provided proof (beyond "information and belief") that Defendants have actually sold goods to Illinois residents and shipped those goods into Illinois. Dkt. 1 ¶ 22. Although the Court must accept the factual allegations in a plaintiff's complaint as true, it need not accept mere speculation or conclusory allegations. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The documentation required to prove such sales and shipping is not extensive, but Fendi has not yet provided it, and in its absence the Court cannot establish that it has personal jurisdiction over Defendants. *See Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 757–60 (7th Cir. 2010) (Courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state.") Accordingly, the Court moves *sua sponte* to dismiss Fendi's complaint without prejudice.

## II. Joinder

The Court raised the issue of joinder *sua sponte*. Dkt. 16. Fendi—in apparent anticipation of the Court's concern—had already filed a memorandum of law in support of joinder. Dkt. 12. Fendi's anticipation was warranted. A plaintiff bears the burden of showing that joinder is proper. *See In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018). As noted above, a court accepts factual allegation in a complaint as true but need not accept speculation or conclusory allegations. *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008) (explaining, in the class certification context, that speculation and conclusory allegations cannot support joinder). Pursuant to Federal Rule of Civil Procedure 20, defendants may be joined in one action if: (1) the claims are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there exists a question of law or fact common to all defendants. As part of this inquiry, "courts should 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Estée Lauder Cosms. Ltd. v. P'ships and Unincorporated*

*Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (Chang, J.) (quoting *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007)). Courts retain considerable discretion in deciding whether Defendants have been properly joined. *UWM Student Ass'n. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Here, the second element is not in question, but courts in this District have increasingly held that plaintiffs cannot join multiple defendants under Rule 20 by merely alleging that they infringed on the same trademark or copyright. *See, e.g.*, *Estée Lauder*, 334 F.R.D. at 187; *H-D U.S.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 21-cv-01041, 2021 WL 780486, at *2–3 (N.D. Ill. Mar. 1, 2021) (Aspen, J.) These courts reasoned that "one defendant's alleged infringement does not 'arise out of the same transaction, occurrence, or series of transactions or occurrences' as another defendant's unrelated infringement." *Estée Lauder*, 334 F.R.D. at 187 (quoting Fed. R. Civ. P. 20(a)(2)(A)). Joinder solely on that basis would be improper.

To Fendi's credit, it has developed a theory of interconnection among the Defendants significantly more advanced than one rooted in mere infringement of the same trademark. It attempts to distinguish *Estée Lauder* by pointing out that, unlike in that case, the instant Defendants use "identical or nearly identical product images and descriptions." Dkt. 12 at *8. Fendi contends that its case is similar to others from this District[1] in which joinder was found to be proper based on the similar features of the products sold by those defendants. *Id.*; *see Tobias Teixeira Da Fonseca v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 23cv-02485 (N.D. Ill. May. 11, 2023), ECF No. 20 (Chang, J.); *Khara Inc. et al. v. Partnerships and unincorporated Associations Identified in Schedule A*, No. 23-cv-01230 (N.D. Ill. Mar. 15, 2023), ECF No. 24 (Chang, J.). Fendi argues that Defendants' alleged similarity of business practices, linguistic structures, products sold, and prices all demonstrate that Defendants are in coordination such that their alleged trademark infringements

---

[1] Fendi incorrectly claims that orders in these cases came from "this Court."

should be regarded as arising out of the same transaction, occurrence, or series of transactions or occurrences, making joinder proper. Dkt. 12 at *2–7.

It's a clever theory, but the Court is not convinced that Fendi's allegations are sufficient to establish coordination among the Defendants, even drawing all reasonable inferences in Fendi's favor. While the business practices of each Defendant may be similar to each other, they are no doubt also similar to thousands of others who market goods (legitimately or otherwise) through social media. Moving from a more regulated platform (Facebook) to a less regulated platform (private messaging through WhatsApp) is a standard scammer technique, as anyone knows who has ever paid attention to warnings posted on e-commerce sites such as eBay or Craigslist. *Cf. Ilustrata Servicos Design, Ltda. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021) (Aspen, J.) ("[T]he fact that Defendants allegedly use a variety of other common tactics to evade enforcement efforts… does nothing to support joinder… because these allegations are highly generic and apply equally to individuals and entities engaging in activities that are not the subject of this suit." (internal quotations and citations omitted)).

Also unconvincing is the allegation that the Defendants sell similar products, which could just as easily point to different independent distributors working with a common manufacturer. As outlined by the article that Fendi itself submitted with its Complaint, manufacture and distribution are two distinct elements of counterfeiting. Dkt. 1, Ex. 3 at *9–12. This Court sees no reason, without further evidence, to assume that individual distributors of a common product are working in coordination. *See Ilustrata Servicos Design*, 2021 WL 5396690, at *2 ("Defendants or their alleged infringement [are not] 'interrelated' simply because the products sold by Defendants are similar.") Along the same lines, the similarity of prices only shows that the Defendants participate in a common market. Target and Wal-Mart both sell T-Shirts for about $10, but that alone does not give rise to a suspicion of coordination. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) ("Without more,

parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.") Additionally, the range of prices cited by Fendi is actually quite large. Depending on the quality of the product, Fendi shows up to 40% difference between the quoted prices, which hardly seems similar enough to give rise to a suspicion of coordination. This case is therefore unlike *Tobias Teixeira Da Fonseca* and *Khara Inc.*, both of which featured a much deeper level of similarity among the defendants than Fendi has yet demonstrated here.

Fendi's most creative argument points to supposed linguistic similarity in Defendants' phraseology, but on examination, the Court is not convinced by Fendi's evidence. Many of the similar phrases cited by Fendi are of the sort that one would expect to find in any transaction. Statements such as "FedEx in the United States" and "The United States uses FedEx" may be rather alike, but there are only so many ways for sellers to state that they will be using a major shipping service to deliver a product. Dkt. 12 at *4. And other "similarities" cited by Fendi just don't seem that similar. For example, "PayPal payment. Please do not leave messages"; "Please do not leave a message when paying for this PayPal payment"; and "PayPal: [email address] Family and friends (do not leave any product information)" all have similarities in content, but in form or linguistic structure they are quite far apart. *Id.* Fendi's conclusion that Defendants share a "unified sales script" is not supported by its factual allegations. *Id.* at *3.

The Court takes Fendi's factual allegations as true for the purpose of evaluating this Complaint. But those allegations, even taken together, are insufficient to satisfy Fendi's burden in persuading the Court to reach the legal conclusion that Defendants are working in concert to such a degree that their sales should be regarded as arising out of the same transaction, occurrence, or series of transactions or occurrences. The Court therefore finds that joinder of these Defendants is improper and dismisses Fendi's complaint without prejudice.

## CONCLUSION

The Court dismisses Fendi's Complaint [1] without prejudice for lack of jurisdiction and for improper joinder. Fendi may file an amended complaint within 21 days if it believes it can cure the legal deficiencies identified in this order. However, if the amended complaint still brings claims against multiple defendants, then Fendi must also file a second memorandum as to the propriety of joinder.

**IT IS SO ORDERED.**

Date: 12/8/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge